

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*See La-105*

Honorable T. M. Trimble,
First Assistant State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4221
Re: Constitutionality of fire
escape law with reference to
the public schools of this
State.

We have received your letter of November 20, 1941,
in which you ask the opinion of this department on the above
captioned question. You do not ask the question with respect
to any particular phase of constitutional law. We shall,
therefore, determine whether the act was effectively enacted
and whether the subject matter embraced in the enactment is
that on which the Legislature may validly act.

The act to which you refer is House Bill 716, Acts
47th Legislature, Regular Session. Sections 1 and 2 of House
Bill 716 read as follows:

"Section 1. That Article 3955, Title 63,
of the Revised Civil Statutes of Texas of 1925,
be amended so as to hereafter read as follows:

"Article 3955.
"The owner of each building, which is or
may be constructed within this State, three or
more stories in height, or in case of school-
houses two or more stories in height, constructed,
used, or intended to be used in whole or in part
as any of the following buildings, shall provide
and equip such building with at least one ade-
quate fire escape, and such additional fire es-
capes, as provided in the three succeeding Arti-
cles.'

"Sec. 2. That Article 3959, Title 63, of
the Revised Civil Statutes of Texas of 1925, be
amended so as to hereafter read as follows:

Honorable T. M. Trimble, Page 2

"'Article 3959.
"'Each building which is or may be constructed within this State of three or more stories in height, or in case of a schoolhouse two or more stories in height, which is owned by this State, or by any city, county, or school district, and in which building public assemblies are permitted or intended to be permitted, or in which schools of any kind are conducted, or in which sleeping apartments are permitted or intended to be permitted on any floor above the first, shall be provided and equipped with at least one adequate fire escape if the lot area of such building shall not exceed five thousand (5,000) square feet, and one additional adequate fire escape for each five thousand (5,000) square feet, or fraction thereof, if such fraction exceeds two thousand (2,000) square feet in excess of the first five thousand (5,000) square feet of lot area." (Emphasis supplied).

The only changes made in Articles 3955 and 3959 by House Bill 716 were the addition of the underscored parts; other than these additions the statutes are exactly as they were before the amendment.

The caption of House Bill 716 reads as follows:

"An Act amending Article 3955 and Article 3959, Title 63, of the Revised Civil Statutes of Texas of 1925, so as to provide for fire escapes for schoolhouses of two or more stories in height; and declaring an emergency."

The caption points out the articles which are to be amended and specifies how they are to be amended, and the amendment in the body of the bill conforms therewith. We are of the opinion that the caption of the bill is sufficient under Article III, Section 35 of the Constitution of Texas. See Gulf Production Co. v. Garrett (Com. App.), 24 S. W. (2d) 389; Rutledge v. Atkinson, 101 S. W. (2d) 376; Landrum v. Centennial Rural High School Dist. No. 2 (W. E. dism'd.), 134 S. W. (2d) 353.

We shall now turn to a consideration of the subject matter of the legislation.

"The police power inherent in the state has been likened unto the law of self-defense that is

said to be born in each individual. As the individual has the right to protect his life or body from serious bodily injury, and his property which he has lawfully acquired from destruction, so the state has the inherent right, under the police power, to protect the public welfare from those things which would produce death or seriously affect the health of the public or its general moral welfare. . . ." Longmire v. State, 171 S.W. 1165.

It is manifest that steps toward protection of the citizens of a state from fire hazards would be for the public welfare of the state, and it has been held that statutes may validly be enacted requiring reasonable fire escapes and other precautions. See State v. Heidenhain (Sup. Ct. La.), 7 So. 621; Louisville Public Library Co. v. City of Louisville (Ct. App. Ky.), 80 S. W. 1169; A. L. Roumfort Co. v. Delaney (Sup. Ct. Pa.), 79 A.653; 16 C. J. S. 553; 12 C. J. 916.

You ask that we pass on the constitutionality of House Bill 716 as it affects the public schools. The protection of the school children of this State is certainly of prime importance, and experience has taught that danger arising from fire hazards is one of the greatest. It is our opinion, therefore, that House Bill 716 is a valid and commendable law.

Some question may arise as to why fire escapes are required on school buildings two stories in height, and not on the other described buildings unless they are at least three stories in height. (See Article 3955, et seq., V.A.C.S.) We are of the opinion that this is a valid classification for several reasons. First, there is usually a greater concentration of individuals in a school house than in other types of buildings; secondly, school children of tender years can not be expected to exercise as wise a discretion in times of panic as persons of mature years. We believe that there is ample reason to make the distinction which the Legislature has made between school buildings and the other described buildings.

In view of the foregoing discussion and authorities cited, it is the opinion of this department that the

requirement in House Bill 716, Acts 27th Legislature, Regular Session, of fire escapes on schoolhouses under the conditions set out therein is a valid exercise of the police power of this State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 4 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By George W. Sparks
Assistant

GWS:mp



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN